IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FRANK H. CLARK, | * | |
|    *Pro Se* Plaintiff, | * | |
| v. | * | Civil Action No.: RDB-07-897 |
| FEDERAL EXPRESS CORP., | * | |
|    Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

This action arises out of a complaint originally filed in the Circuit Court for Baltimore County by the *pro se* Plaintiff, Frank H. Clark ("Clark" or "Plaintiff"), against his former employer, Federal Express Corporation ("Federal Express" or "Defendant"). The complaint asserted a claim for breach of contract based on a denial of benefits under an employee pension plan. Defendant removed the action to this Court based on federal question jurisdiction founded upon the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, which preempts state law actions related to employee pension benefit plans. This Court has jurisdiction under 28 U.S.C. § 1331 and § 1441. Currently pending are Plaintiff's Motion for Summary Judgment[1] (Paper No. 15) and Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Paper No. 10). The parties' submissions have

---

[1] Clark's original Motion for Summary Judgment was filed on April 25, 2007. (Paper No. 15.) On May 21, 2007, Clark filed an Amended Motion for Summary Judgment. (Paper No. 25.) Because the later pleading contains Clark's arguments in support of his Motion for Summary Judgment it will be treated as a memorandum in support of the Motion for Summary Judgment rather than as a separate motion.

1

been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2004).  For the reasons stated below, both motions are DENIED.

## BACKGROUND AND PROCEDURAL HISTORY

Frank H. Clark was employed by Federal Express Corp. from October 28, 1981 until June 3, 1987.  As a result of his employment, Clark was eligible for benefits under the Federal Express Corporation Employees' Pension Plan ("the Plan").  The Plan is administered by Federal Express and is filed with the United States Department of Labor as an ERISA plan.  (Marsh Decl. ¶ 6.)

Clark became eligible for benefits when he turned sixty on November 19, 2000.  However, he did not receive a copy of the Plan or an application for benefits before his sixtieth birthday.  (Pl.'s Mot. Leave to File Surreply ¶ 2 (Paper No. 26).)  Six years later, in November of 2006, Clark called the Federal Express Retirement Service Center to request a pension application.  (Marsh Decl. ¶ 8.)  Federal Express then mailed him a copy of the FedEx Retirement Benefit Packet on November 30, 2006.  (*Id*. ¶ 9; Def.'s Reply Ex. A2.)  A cover letter with the packet stated that Clark "will not receive a retroactive payment" for any benefits he was eligible to receive between 2000 and 2006.  (Def.'s Reply Ex. A2.)  Upon receiving the letter, Clark called Federal Express and sent a follow-up letter dated February 8, 2007 via facsimile and postal mail seeking to get a detailed explanation of why he was not eligible for retroactive benefits.  (Pl.'s Mot. Leave to File Surreply ¶ 3; Def.'s Reply Ex. A3.)  In response, he received a voice mail from a Federal Express representative saying that "benefits were not retroactive" and a brief letter stating essentially the same.  (Pl.'s Mot. Leave to File Surreply ¶¶ 4-5; Def.'s

Reply Ex. A4.)   At no time was Clark ever provided with a copy of the Plan itself.  (Pl.'s Mot. Leave to File Surreply ¶ 2.)

In March of 2007, Clark filed the present action in the Circuit Court for Baltimore County alleging a common law breach of contract claim based on Federal Express' refusal to pay retroactive benefits.  Federal Express removed the matter to this Court on April 9, 2007.

On April 16, 2007, Federal Express filed a Motion to Dismiss (Paper No. 10) for failure to state a claim and failure to exhaust administrative remedies.[2]   On May 2, Clark filed a Motion to Amend Complaint (Paper No. 19) which was granted by this Court on May 31, 2007.  (Paper No. 27.)  The Amended Complaint (Paper No. 28) was filed on May 31, 2007 and added a claim under ERISA, specifically 29 U.S.C. § 1132(a)(1)(B), which provides a federal cause of action to recover benefits due under an ERISA plan.

Clark filed a Motion for Summary Judgment (Paper No. 15) on April 25, 2007 and subsequently filed a Amended Motion for Summary Judgment (Paper No. 25) on May 21, 2007.[3] In his motions, Clark argues that Federal Express failed to comply with the notice requirements under ERISA §§ 1021(a), 1022(a) and (b), 1024(b)(3), and 1025(a) and (c).  All of these provisions concern Summary Plan Descriptions which must be provided to plan participants. Clark argues that Federal Express failed to provide him with a Summary Plan Description at any

---

[2]  Plaintiff filed a Motion to Strike Defendant's Exhibit One (Paper No. 23), which is a copy of the Plan attached to Defendant's Motion to Dismiss.  Because the Motion to Strike is not founded upon law, presents no evidence upon which to base a strike, and simply asserts Clark's claims that he never received the Plan prior to this action, the Motion to Strike will be DENIED.

[3]  *See supra* note1.

3

time and that Federal Express failed to provide him with specific reasons for the denial of his claim or a reasonable opportunity for review of the denial.

Finally, both parties filed motions for leave to file surreplies regarding Clark's Motion for Summary Judgment (Papers No. 33 and 34), and Clark filed an additional Motion for Leave to File a Surreply regarding Defendant's Motion to Dismiss (Paper No. 26). Because these surreply motions are all unopposed, they will be GRANTED and considered by the Court in support of the substantive motions.

## STANDARD OF REVIEW

Under Rule 12(b) of the Federal Rules of Civil Procedure, Defendant's Motion to Dismiss may be converted to a motion for summary judgment. *See* Fed. R. Civ. P. 12(b) ("If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56...."); *Talbot v. U.S. Foodservice, Inc.*, 191 F. Supp. 2d 637, 639 (D. Md. 2002) (treating motion to dismiss as motion for summary judgment based on failure to exhaust administrative remedies where the Court had to consider "evidence extrinsic to the pleadings"); *Talbot v. U.S. Foodservice, Inc.*, 204 F. Supp. 2d 881, 882 (D. Md.2002) (same).[4] Because the Court will consider the Plan and correspondence related to this matter, extrinsic documents

---

[4] Under Rule 12(b), all parties must be given "reasonable opportunity" to present relevant information to this Court. This requirement may be satisfied if a party is "aware that material outside the pleadings is before the court." *Gay v. Wall*, 761 F .2d 175, 177 (4th Cir. 1985).

submitted by the Defendant in support of the Motion to Dismiss, the Motion to Dismiss will be converted to a Motion for Summary Judgment.

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment must be entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence supporting a claimed factual dispute exists to warrant submission of the matter to a jury for resolution at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A judge must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *see also E.E.O.C. v. Navy Federal Credit Union*, 424 F.3d 397, 405 (4th Cir. 2005).

When both parties file motions for summary judgment, as here, the court applies the same standards of review. *Taft Broad. Co. v. United States,* 929 F.2d 240, 248 (6th Cir. 1991); *ITCO Corp. v. Michelin Tire Corp.,* 722 F.2d 42, 45 n.3 (4th Cir. 1983) ("The court is not permitted to resolve genuine issues of material fact on a motion for summary judgment – even where . . . both parties have filed cross motions for summary judgment.") (emphasis omitted), *cert. denied,* 469 U.S. 1215 (1985). The role of the court is to "rule on each party's motion on an individual and

separate basis, determining, in each case, whether a judgment may be entered in accordance with the Rule 56 standard." *Towne Mgmt. Corp. v. Hartford Acc. & Indem. Co.,* 627 F. Supp. 170, 172 (D. Md. 1985).

## ANALYSIS

**I.     Defendant's Motion for Summary Judgment**

Defendant's Motion to Dismiss, which this Court has converted to a Motion for Summary Judgment in its analysis, essentially sets forth two arguments.  First, there is the contention that the Plaintiff has failed to state a claim upon which relief can be granted.  Secondly, Federal Express contends that Clark failed to exhaust his administrative remedies.  By previous Order, this Court granted Plaintiff's Motion to file an Amended Complaint (Paper No. 27).  The Amended Complaint added a claim for damages based on a violation of ERISA § 1132(a)(1)(B).  Accordingly, the Plaintiff has stated a claim upon which relief can be granted.  The remainder of the parties' submissions focus solely on the issue of whether Clark exhausted his administrative remedies.

Failure to exhaust administrative remedies may be grounds for dismissal under ERISA.  *Makar v. Health Care Corp. of the Mid-Atlantic (Carefirst)*, 872 F.2d 80, 81 (4th Cir. 1989); *see also White v. Sun Life Assur. Co.*, 488 F.3d 240, 246 (4th Cir. 2007) ("ERISA plaintiffs must generally exhaust administrative remedies before seeking judicial relief.")  Failure to exhaust may also be grounds for granting summary judgment when a motion to dismiss has been converted to a motion for summary judgment.  *See Talbot*, 191 F. Supp. 2d at 639.

Federal Express asserts that Clark has failed to exhaust his administrative remedies because he has not participated in the internal appeal process afforded by the Plan.  (Def.'s Mem.

Supp. Mot. Dismiss 4).  Clark argues that he attempted to do so but, because Federal Express has not provided him with a statement describing the basis of the denial, despite two requests, he is unable to comply with the appeal process.[5]  (Pl.'s Reply ¶ E.)  In a letter dated February 13, 2006, to the Plaintiff, Federal Express noted that the Plan is "not retroactive".  This prohibition on retroactive benefits is repeated in the Benefit Application Package[6] and is reiterated throughout Defendant's pleadings.  Therefore, Plaintiff's argument is essentially that it was futile for him to pursue an administrative remedy.  (*Id.* ¶ F.)  Futility may provide an exception to the exhaustion requirement.  *Makar*, 872 F.2d at 83.  Plaintiff argues, essentially,[7] that he is unable to pursue administrative remedies due to Defendant's failure to provide him with adequate information and it was futile for him to do so because Defendant had declared a blanket prohibition on retroactive payments.  While Defendant suggests that the Plaintiff has not sufficiently alleged futility, at this stage of the proceedings, it is unclear to the Court exactly what appeal could have been noted in light of the blanket prohibition on retroactive benefits noted by Federal Express in its correspondence to the Plaintiff.

The question of whether Plaintiff has exhausted administrative remedies or adequately demonstrated futility cannot be decided at this early stage in the proceedings, because the factual

---

[5] *See D'Amico v. CBS Corp.*, 297 F.3d 287, 291 (3d Cir. 2002) (observing that "the vast majority" of cases waiving the exhaustion requirement rely on two grounds, discrimination claims or "failure to provide plaintiffs with Summary Plan Description as required by ERISA") (citing *Harrow v. Prudential Ins. Co.*, 279 F.3d 244, 253 (3d Cir. 2002)).  One facet of Plaintiff's argument is that Federal Express has failed to provide him with a Summary Plan Description.

[6] Attached as Exhibit A2 to Defendant's Reply to Plaintiff's Response in Opposition to Defendant' Motion to Dismiss.  (Paper No. 21)

[7] This Court notes that *pro se* litigants are held to a less stringent standard than trained attorneys and their pleadings must be afforded generous construction.  *Haines v. Kerner*, 404 U.S. 519 (1972).

record is inadequate to make any determinations regarding the issue. For example, from the record available to the Court, it is unclear whether or not the Plaintiff ever actually filed a valid claim with Federal Express. Though Defendant submitted a copy of a letter dated February 8, 2006 in which Clark states "I hereby file a claim for my unpaid benefits," there is no evidence that Clark ever completed the benefit application forms contained in the Benefit Application Package. Defendant does not address this issue.

In addition, assuming Plaintiff did file a claim, it is also unclear whether Defendant provided Plaintiff with adequate notice setting forth the specific reasons for denying his claim as required by § 1133(1) of ERISA. Defendant argues that the Benefit Application Package states that applications must be received prior to the benefit commencement date. However, the packet did not cite any specific provisions of the Plan under which retroactive benefits are automatically denied, and Clark claims he never received the Plan to check for himself. Federal Express also claims that its February 13, 2006 letter provided Clark with notice, but that document simply states "[p]er our conversation, your pension benefit ... is not retroactive to the month following your 60th birthday." (Def.'s Reply Ex. A4.) Again, Clark was given no specific reasons for the denial of retroactive benefits.

Because the record lacks facts sufficient to make a determination of these material issues, specifically, whether Plaintiff has filed a claim and, if so, whether the Defendant provided specific reasons for denying the claim, Defendant's Motion for Summary Judgment is DENIED.

**II.     Plaintiff's Motion for Summary Judgment**

In his Motion for Summary Judgment, Clark argues that Federal Express failed to meet its notice requirements under ERISA. First, he argues that he did not receive timely notice that

he would not be able to receive retroactive benefits before his sixtieth birthday. (Pl.'s Am. Mot. Summ. J. ¶¶ 3e-3f.) ERISA requires that employee benefit plans provide an updated "summary plan description" to plan participants[8] every five years. 29 U.S.C. § 1024(b). While Clark did receive a Retirement Benefit Packet after inquiring about his benefits in November of 2006, he claims he did not receive notice prior to that time of his pension rights. Thus, there is a genuine issue of material fact as to whether Federal Express complied with ERISA in sending Clark updates every five years.

Second, Clark argues that he did not receive sufficient notice or an explanation of the denial of his claim for retroactive benefits. Under ERISA, employee benefit plans must provide adequate notice to participants whose benefit claims are denied, "setting forth the specific reasons for such denial." 29 U.S.C. § 1133(1). The plan must also afford a reasonable opportunity for a review of the decision denying the claim. 29 U.S.C. § 1133(2). The record indicates that Plaintiff received brief letters and a phone message concluding that retroactive benefits were not available to him, but there are no documents providing a detailed explanation. However, whether Federal Express was required to provide an explanation of denial of benefits is tied to the threshold issue of whether Plaintiff made a formal claim for retroactive benefits or whether it would have been futile for him to do so. As noted above, there is a genuine issue of material fact as to the issue of futility, so any determination of Defendant's duties to the Plaintiff must await a ruling on that threshold issue.

---

[8] A "participant" includes "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan. . . ." 29 U.S.C. § 1002(7).

In sum, there are genuine issues of material fact as to whether Plaintiff received a summary plan description, whether he was properly notified regarding the denial of his claim, and whether he was afforded a reasonable opportunity for review of the denial. Because of the inadequacy of the record, the Court is unable to make a determination about whether Defendant provided Plaintiff with adequate notice of his rights and obligations under the Plan either prior to his sixtieth birthday or after his "claim." Accordingly, Plaintiff's Motion for Summary Judgment is DENIED.

## **CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss and Plaintiff's Motion for Summary Judgment are both DENIED. A separate Order follows.

Date: November 6, 2007

/s/
Richard D. Bennett
United States District Judge